OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a decision of the Mason Municipal Court, granting the motion of defendant-appellee, John Weinheimer, to suppress evidence. We reverse the decision of the trial court.
 {¶ 2} On November 15, 2003, Warren County Sheriff's Deputy Scott Staverman was on patrol when he received a dispatch identifying a "possible intoxicated driver." The dispatch, based on a tip from a passing motorist, informed Deputy Staverman of the vehicle's color and license plate number. The motorist also indicated that the vehicle had collided with a guardrail and exhibited other erratic driving.
 {¶ 3} Deputy Staverman noticed the vehicle and followed it for half a mile. He did not observe any erratic driving but did observe that the vehicle's rear license plate was not illuminated. Based on this observation, and corroboration of the vehicle's license plate number, he initiated a traffic stop.
 {¶ 4} As Deputy Staverman spoke with appellee, he smelled a "very strong odor" of an alcoholic beverage. Appellee pointed out the damage from the earlier collision to Deputy Staverman, and indicated that he intended to report the accident once he arrived home. Deputy Staverman administered field sobriety tests and subsequently charged appellee with driving while under the influence of alcohol. Appellee was also charged with a failure to have a working license plate light, in violation of R.C. 4513.05.
 {¶ 5} Appellee moved to suppress evidence gathered as a result of the traffic stop. On March 18, 2003, the trial court filed an entry granting appellee's motion to suppress. The trial court determined that appellee "violated no traffic law in which [sic] gave the officer suspicion to stop." The state appeals from the trial court's decision to suppress evidence, raising a single assignment of error:
 {¶ 6} "The trial court erred in granting Defendant-Appellee's motion to suppress on the basis that Deputy Staverman had no reasonable, articulable suspicion to initiate a traffic stop."
 {¶ 7} In its assignment of error, the state argues that a violation of R.C. 4513.05 provides reasonable suspicion to initiate a stop of a motor vehicle.
 {¶ 8} As an initial matter, we note that there are two standards applied to determine whether police have legitimately stopped a vehicle. See State v. Brock, Warren App. No. CA2001-03-020, 2001-Ohio-8644; State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128. First, police may make an investigative stop of a vehicle when they have a "reasonable articulable suspicion" that criminal activity has occurred. Id. See, also, Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868;Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431. Second, police may stop a vehicle based on "probable cause" that a traffic violation has occurred. Moeller at 4. This type of traffic stop is valid "regardless of the officer's underlying subjective intent or motivation for stopping the vehicle."Erickson at 11-12. Thus, while the state contends that Deputy Staverman possessed "reasonable suspicion" to initiate the stop, our review will necessarily address whether Deputy Staverman had "probable cause" to stop appellee upon observation of the traffic violation.
 {¶ 9} R.C. 4513.05 provides, in pertinent part: "Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear."
 {¶ 10} This court and other Ohio courts have repeatedly held that the failure to have a license plate properly illuminated is a violation of R.C. 4513.05, and provides probable cause to initiate a stop of a motor vehicle. See State v. Held,146 Ohio App.3d 365, 2001-Ohio-4312; Wilmington v. Conner (2001),144 Ohio App.3d 735; State v. Hinkle (Dec. 15, 2000), Portage App. Nos. 2000-P-0019 and 2000-P-0020; State v. Bencie (Dec. 1, 2000), Portage App. No. 2000-P-0004; State v. Andrews (Nov. 29, 1996), Montgomery App. No. 15673; State v. Walker (Nov. 15, 1996), Geauga App. No. 96-G-1966. Whether the officer had any other underlying intent for making the stop is of no consequence.Erickson at 11-12.
 {¶ 11} In concluding that appellee had not violated any traffic law warranting the stop, the trial court reasoned: "The arresting officer was able to read the defendant's license plate. The Ohio statute § 4513.05 says that the defendant must have a tail light plate or a separate light to illuminate the rear registration plate. In this case the officer could read the license plate number." The trial court thus concluded that Deputy Staverman did not have a reasonable basis to stop the vehicle.
 {¶ 12} On the contrary, Deputy Staverman testified unequivocally that he stopped appellee because his rear license plate was not illuminated as required by R.C. 4513.05. Appellee was cited for this offense. Consequently, the deputy had probable cause to initiate the stop. While appellee's rear license plate may have been visible to the deputy as noted by the trial court, appellee was nevertheless in violation of the statutory requirement that "[e]ither a tail light or a separate light * * * be * * * placed as to illuminate with a white light the rear registration plate[.]" R.C. 4513.05. Accordingly, we find that Deputy Staverman had probable cause to stop appellee's vehicle. The assignment of error is sustained.
 {¶ 13} Judgment reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
Valen, P.J., and Powell, J., concur.