OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a decision of the Mason Municipal Court granting the motion to suppress of defendant-appellee, Geana Frazee, resulting from her arrest for driving while under the influence of alcohol ("DUI"). We reverse the decision of the trial court.
 {¶ 2} On February 15, 2004, Mason police officer Daniel Keterer was on patrol when he was informed by a passing driver that a person later identified as Frazee was driving her vehicle drunk. The officer followed Frazee onto an entrance ramp to I-75. The entrance ramp has two lanes which merge into one lane after one mile. While following Frazee in the right lane of the entrance ramp, the officer observed Frazee's car drift to the right, touch the right fog line, drift to the center line dividing the two lanes, touch the right fog line again, and straddle the center line for a few seconds before moving into the left lane. The officer stopped Frazee's car.
 {¶ 3} While speaking to Frazee, the officer noticed that she had a strong odor of alcohol, that her speech was slurred, and that she "was looking straight the whole time." Frazee admitted she had consumed six beers. The officer then administered the Horizontal Gaze Nystagmus test ("HGN"). Due to the cold weather that evening, this was the only field sobriety test performed. Following the HGN test, Frazee was arrested and transported to the police station where she refused to take a breath test. Frazee was charged with DUI. She was not charged with any other offenses (such as marked lane violation).
 {¶ 4} Frazee moved to suppress the officer's observations and the results of the HGN test on the ground that the test was not conducted in compliance with the procedures established by the National Highway Traffic Safety Administration ("NHTSA") manual. Following a hearing on the motion, the trial court granted Frazee's motion to suppress on the following grounds:
 {¶ 5} "[T]here was no reasonable and articulable suspicion for Officer Ketterer [sic] to stop [Frazee], which is supported as much by the lack of a companion or predicate offense in the citation;
 {¶ 6} "[T]here was no probable cause to arrest [Frazee] for the offense charged, as there was no stipulation to the evidence of the NHTSA manual nor was it offered as evidence for consideration by the court to support the City's contention that the field sobriety tests [sic] were performed in the manner consistent therewith or even standardized for that matter."
 {¶ 7} On appeal, the state raises three assignments of error in which it challenges the trial court's grant of Frazee's motion to suppress.
 {¶ 8} When ruling on a motion to suppress, the trial court serves as the trier of facts and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19, 20. An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 592. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691.
 {¶ 9} In its first assignment of error, the state argues that the trial court used the incorrect standard when granting Frazee's motion to suppress. The state argues that Officer Keterer had probable cause to believe a traffic violation had occurred, thus justifying the stop, even if Frazee was ultimately not charged with a traffic violation. We agree.
 {¶ 10} There are two standards applied to determine whether police have legitimately stopped a vehicle. State v. Weinheimer, Warren App. No. CA2003 — 04-044, 2004-Ohio-801, ¶ 8. First, police may make an investigatory stop of a vehicle when they have a "reasonable articulable suspicion" that criminal activity has occurred or is occurring, and the officer seeks to confirm or refute this suspicion of criminal activity. Id.
 {¶ 11} Second, police may stop a vehicle based on "probable cause" that a traffic violation, even minor, has occurred or is occurring.Dayton v. Erickson, 76 Ohio St.3d 3, 11-12, 1996-Ohio-431. Such is the case when an officer witnesses a traffic violation and then stops the motorist for this traffic violation. It must be noted that the supreme court has stated that only probable cause need be found, not that, upon investigation, it be confirmed that a traffic offense occurred. See StateMoeller (Oct. 23, 2000), Butler App. No. CA99-07-128.
 {¶ 12} In the case at bar, the officer observed Frazee's vehicle drift within its lane of travel, touch the right fog line twice, and straddle the center line for a few seconds before moving into the left lane. Based upon the foregoing, we find that the officer had probable cause to stop Frazee. See State v. Staggs (June 1, 1998), Warren App. No. CA97-12-121. It was not, however, necessary that the officer charge Frazee with a separate traffic offense, as apparently believed by the trial court.
 {¶ 13} "The mere fact that the officer chose to charge [Frazee] with the more serious offense of driving under the influence of alcohol, thereby ignoring any lesser charge of which she might have been guilty, does not ipso facto indicate a lack of probable cause. * * * Furthermore, the law does not require that [the officer file additional charges]. It was only necessary that he have probable cause to believe that a traffic offense had been committed, but it was not necessary that he file a separate charge as to such traffic offense and prosecute it to a conclusion." State v. Gray (Apr. 28, 1986), Fayette App. No. CA85-11-016, at 3-5.
 {¶ 14} We therefore find that the trial court applied the incorrect standard when granting Frazee's motion to suppress. We further find that the trial court erred by concluding that the officer's traffic stop of Frazee was improper, and by granting the motion to suppress. The state's first assignment of error is sustained.
 {¶ 15} In its second assignment of error, the state argues that the trial court erred by finding that the officer failed to conduct the HGN test in compliance with the NHTSA standards.
 {¶ 16} As an initial matter, we note that the trial court never ruled on whether the HGN test was performed in compliance with the NHTSA standards. Rather, the trial court found that there was no probable cause to arrest Frazee for DUI because the NHTSA manual was not stipulated to or offered into evidence by the state for consideration by the trial court. We will therefore not address whether the HGN test was performed in compliance with the NHTSA standards.
 {¶ 17} We do not agree with the trial court that there is no probable cause to arrest a defendant for DUI simply and solely because the NHTSA manual governing procedures and standards for field sobriety tests was not stipulated to or offered into evidence at the suppression hearing.
 {¶ 18} In State v. Griton, Ashland App. No. 04COA032, 2005-Ohio-1043, the defendant claimed that his motion to suppress should have been granted because the HGN test was not conducted in compliance with the NHTSA standards. The Fifth Appellate District noted that the NHTSA manual had not been entered into evidence at the suppression hearing. Nevertheless, upon noting the arresting officer's testimony that he had administered the HGN test according to the NHTSA standards, and reviewing the record and the trial court's decision, the Fifth Appellate District found that the trial court did not err in finding the HGN test was administered according to NHTSA standards. Id. at ¶ 22. Thus, in the case at bar, the trial court could have ruled on whether the HGN test was performed in compliance with the NHTSA standards despite the fact the NHTSA manual was not introduced into evidence.
 {¶ 19} Alternatively, the trial court could have, sua sponte, taken judicial notice of the NHTSA manual and its standards governing the administration of field sobriety tests, including the HGN test. State v.Stritch, Montgomery App. No. 20759, 2005-Ohio-1376, ¶ 16; Evid.R. 201. The Ohio Supreme Court has clearly indicated that the applicable standardized test procedures regarding field sobriety tests are set forth in the NHTSA manual. See State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212;State v. Shepard, Miami App. No. 2001-CA-34, 2002-Ohio-1817. "These standards are not subject to reasonable dispute because they are capable of accurate and ready determination by reference to the NHTSA manual itself, a source whose accuracy cannot be questioned given its status as the seminal authority in this area." Stritch at ¶ 16.
 {¶ 20} Based upon the foregoing, we find that the trial court erred by finding there was no probable cause to arrest Frazee for DUI simply and solely because the NHTSA manual was not stipulated to or offered into evidence at the suppression hearing. The state's second assignment of error is sustained.
 {¶ 21} In its third assignment of error, the state argues that even if the results of the HGN test were properly suppressed, the trial court erred by finding the officer did not have probable cause to arrest Frazee for DUI. We agree.
 {¶ 22} Officer Keterer was the only witness testifying at the suppression hearing. Given his testimony that Frazee (1) was observed drifting within her lane of travel, touched the right fog line twice, and straddled the center line for a few seconds, (2) had a strong odor of alcohol about her person, (3) had slurred speech, and (4) admitted to the officer she had consumed six beers, we find that the officer had sufficient probable cause to arrest Frazee for DUI. See Homan,89 Ohio St.3d 421, 2000-Ohio-212. The trial court, therefore, erred by granting Frazee's motion to suppress. The state's third assignment of error is sustained.
 {¶ 23} Judgment reversed. This matter is remanded to the trial court for further proceedings in compliance with the law and consistent with this opinion.
Walsh, P.J., and Bressler, J., concur.