[Cite as *State v. Bull*, 2014-Ohio-4230.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14-COA-007 |
| JASON P. BULL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland Municipal Court,
                            Case No. 13-TRC-9198

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     September 19, 2014

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

ANDREW N. BUSH                  MATTHEW J. MALONE
Assistant Director of Law       The Law Offices of Matthew J. Malone, LLC
1213 E. Main St.                11 1/2 East 2nd Street
Ashland, Ohio 44805             Ashland, Ohio 44805

*Hoffman, P.J.*

{¶1}    Defendant-appellant Jason P. Bull appeals the January 9, 2014 Judgment Entry entered by the Ashland Municipal Court denying his motion to suppress.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On November 28, 2013, Appellant was arrested and cited for speeding, in violation of R.C. 4511.21(C); operating a motor vehicle while under the influence; in violation of R.C. 4511.19(A)(1)(a); and operating a motor vehicle with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(1)(d).

{¶3}    On January 3, 2014, Appellant filed a motion to suppress alleging no reasonable suspicion existed to subject him to Standardized Field Sobriety Tests, his Horizontal Gaze Nastagmus Test was not performed in substantial compliance with NHTDSA standards, and there was no probable cause for his arrest.

{¶4}    The trial court conducted a hearing on the motion to suppress on January 6, 2014.  At the hearing, Trooper Derek J. Cummins testified while on patrol in Ashland, Ohio, he observed Appellant's vehicle speeding in excess of the posted limit.  Trooper Cummins stopped Appellant's vehicle.  Upon approaching the vehicle, he detected an unspecified odor of alcohol coming from the vehicle, and observed Appellant had red, glassy, bloodshot eyes.  Appellant indicated to Trooper Cummins he had left a local restaurant, and had consumed a "couple of beers."

{¶5}    Trooper Cummins removed Appellant from the vehicle to subject him to the Standardized Field Sobriety Tests (SFSTs).  He first performed the Horizontal Gaze Nastagmus (HGN) test.  Trooper Cummins testified he was trained to administer the

test, but did not testify to the instruction manual by which he was trained. He observed six clues on the HGN test. He then administered the Walk and Turn test. He again did not testify to the manual by which he was trained. Finally, he administered the One Leg Stand test. He did not observe any clues on that test.

{¶6} Trooper Cummins arrested Appellant, citing him for OVI, in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d), and speeding, in violation of R.C. 4511.21(C). After his arrest, Appellant registered .114 percent on the BAC DataMaster.

{¶7} Via Judgment Entry of January 9, 2014, the trial court overruled Appellant's motion to suppress.

{¶8} Appellant then entered a plea of no contest to the charge of OVI, in violation of R.C. 4511.19(A)(1)(d). The trial court found him guilty via Judgment Entry of February 7, 2014.

{¶9} Appellant appeals, assigning as error:

{¶10} "I. WHETHER THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE."

{¶11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v.*

*Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶12} Appellant maintains the trial court erred in denying his motion to suppress as the arresting officer did not have reasonable suspicion to subject him to the SFSTs, the HGN Test was not performed in substantial compliance with NHTSA standards and there was no probable cause for arrest.

{¶13} There are two standards applied to determine whether police have legitimately stopped a vehicle. *State v. Weinheimer,* Warren App. No. CA2003-04-044, 2004-Ohio-801, ¶ 8. First, police may make an investigatory stop of a vehicle when they have a "reasonable articulable suspicion" criminal activity has occurred or is occurring, and the officer seeks to confirm or refute this suspicion of criminal activity. Id.

{¶14} Second, police may stop a vehicle based on "probable cause" a traffic violation, even minor, has occurred or is occurring. *Dayton v. Erickson,* 76 Ohio St.3d 3,

11-12, 665 N.E.2d 1091, 1996-Ohio-431. Such is the case when an officer witnesses a traffic violation and then stops the motorist for this traffic violation.

{¶15} We find Officer Cummins had legal authority to stop Appellant's vehicle for speeding.

{¶16} Upon approaching the vehicle, Officer Cummins noticed a strong odor of alcohol on Appellant's person, in addition to red, glassy, bloodshot eyes. Appellant then admitted to consuming a few beers at the local restaurant. Based thereon, we find the officer had probable cause to arrest Appellant.

{¶17} Appellant next argues the tests were not administered in compliance with NHTSA Standards. In *State v. Frazee,* 4*,* the Twelfth District addressed the issue presented herein, holding:

{¶18} "In *State v. Griton,* Ashland App. No. 04COA032, 2005-Ohio-1043, the defendant claimed that his motion to suppress should have been granted because the HGN test was not conducted in compliance with the NHTSA standards. The Fifth Appellate District noted that the NHTSA manual had not been entered into evidence at the suppression hearing. Nevertheless, upon noting the arresting officer's testimony that he had administered the HGN test according to the NHTSA standards, and reviewing the record and the trial court's decision, the Fifth Appellate District found that the trial court did not err in finding the HGN test was administered according to NHTSA standards. Id. at ¶ 22. Thus, in the case at bar, the trial court could have ruled on whether the HGN test was performed in compliance with the NHTSA standards despite the fact the NHTSA manual was not introduced into evidence.

**{¶19}** "Alternatively, the trial court could have, sua sponte, taken judicial notice of the NHTSA manual and its standards governing the administration of field sobriety tests, including the HGN test. *State v. Stritch,* Montgomery App. No. 20759, 2005-Ohio-1376, ¶ 16; Evid.R. 201. The Ohio Supreme Court has clearly indicated that the applicable standardized test procedures regarding field sobriety tests are set forth in the NHTSA manual. See *State v. Homan,* 89 Ohio St.3d 421, 732 N.E.2d 952, 2000-Ohio-212; *State v. Shepard,* Miami App. No.2001-CA-34, 2002-Ohio-1817. 'These standards are not subject to reasonable dispute because they are capable of accurate and ready determination by reference to the NHTSA manual itself, a source whose accuracy cannot be questioned given its status as the seminal authority in this area.' *Stritch* at ¶ 16.

**{¶20}** "Based upon the foregoing, we find that the trial court erred by finding there was no probable cause to arrest Frazee for DUI simply and solely because the NHTSA manual was not stipulated to or offered into evidence at the suppression hearing. The state's second assignment of error is sustained."

**{¶21}** At the January 6, 2014 Suppression Hearing, Trooper Cummins testified to his training, including training in the SFST and HGN tests. Tr. at p. 5. He testified he was very successful in his training, and has been trained to determine both impaired and non-impaired drivers. Tr. at p. 5-6. We note, however, Trooper Cummins did not testify he was trained according to the NHTSA manual, nor did he reference the manual in his testimony regarding his training. Further, Trooper Cummins did not testify he performed or administered the tests in accordance with his training pursuant to the

standards established in the NHTSA manual. Accordingly, the trial court could not take judicial notice of the same.

**{¶22}** Appellant's argument the HGN test was not conducted in substantial compliance with NHTSA standards is sustained. However, we find the error to be harmless under the facts as set forth herein, given Appellant was sentenced on the per se violation.

**{¶23}** Trooper Cummins testified as to the events of November 28, 2013. He testified used radar to check Appellant's rate of speed as 38 in a 25, and activated his emergency lights. Tr. at p. 7. Upon stopping the vehicle, he approached the driver's side and observed an odor of alcoholic beverage emitting from the vehicle. Tr. at p. 8. Trooper Cummins also noticed Appellant had red, glassy, bloodshot eyes. Tr. at p. 8. Upon inquiry, Appellant indicated he had consumed a few beers. We find these facts alone provided probable cause to arrest Appellant for OMVI and request the breath test. Following his arrest, Appellant registered a .114 on the BAC DataMaster.

**{¶24}** The judgment of the Ashland Municipal Court is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur