[Cite as *State v. Carter*, 2013-Ohio-5153.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| WILLIAM CARTER | : | Case No. 2013CA00036 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Canton Municipal Court, Case No. 2012 TRC 08354


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      November 18, 2013


APPEARANCES:

For Plaintiff-Appellee

TASHA FORCHIONE
218 Cleveland Avenue, SW
P.O. Box 24218
Canton, OH 44701-4218

For Defendant-Appellant

RHYS B. CARTWRIGHT-JONES
42 North Phelps Street
Youngstown, OH 44503-1130

*Farmer, P.J.*

{¶1} On December 28, 2012, Ohio State Highway Patrol Trooper Duane Shephard stopped appellant, William Carter, for speeding. Appellant was travelling 56 m.p.h. in a 35 m.p.h. zone. Upon investigation, Trooper Shephard conducted field sobriety tests. Appellant was subsequently charged with operating a motor vehicle while under the influence in violation of R.C. 4511.19 and speeding in violation of R.C. 4511.21.

{¶2} On January 30, 2013, appellant filed a motion to suppress, claiming an unreasonable arrest. A hearing was held on February 14, 2013. By judgment entry filed same date, the trial court denied the motion.

{¶3} On February 14, 2013, appellant pled no contest to the charges. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to one hundred eighty days in jail, all but three days suspended. Appellant was ordered to perform twenty-five hours of supervised community service work in lieu of jail days.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED IN DENYING THE DEFENSE'S MOTION TO SUPPRESS."

I

{¶6} Appellant claims the trial court erred in denying his motion to suppress. We disagree.

{¶7}    There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact.  In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist. 1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist. 1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist. 1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.  *State v. Curry,* 95 Ohio App.3d 93 (8th Dist. 1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist. 1993); *Guysinger.*  As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8}    In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest."  However, for the propriety

of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus. Probable cause to arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. *State v. Timson,* 38 Ohio St.2d 122 (1974). A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals, and location. Katz, *Ohio Arrest, Search and Seizure,* Sections 2:13-2:19, at 59-64 (2009 Ed.). As the United States Supreme Court stated when speaking of probable cause "we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life in which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States,* 338 U.S. 160, 175 (1949).

{¶9} Appellant does not dispute the fact that Trooper Shephard had probable cause to stop appellant as he was travelling 56 m.p.h. in a 35 m.p.h. zone. Appellant points out that although he was speeding, there were no other factors to indicate drunkenness such as erratic driving, weaving, and lane changes; therefore, appellant argues a lack of probable cause to conduct field sobriety tests and arrest him for operating a motor vehicle while under the influence.

{¶10} In support of his position, appellant cites the case of *State v. Derov,* 7th Dist. Mahoning No. 07 MA 71, 2009-Ohio-5513. In *Derov,* the defendant was stopped for expired tags on her license plate. The trooper did not observe any erratic driving. Upon speaking with the defendant, the trooper smelled a strong odor of alcohol emanating from the defendant's vehicle and person. The defendant did not exhibit any physical signs of impairment due to alcohol consumption. The trooper conducted field sobriety tests wherein he observed the defendant's eyes to be glassy and red. The defendant failed two of the three tests and thereafter, admitted to having consumed alcohol. As a result, the defendant was placed under arrest for operating a motor vehicle while under the influence. A subsequent motion to suppress was denied. The defendant pled no contest and was sentenced. The defendant appealed. The *Derov* court reversed the denial of the motion to suppress, finding the following at ¶ 16: "The facts of this case are strikingly similar to those in *Reed,* supra. Based on our holding in *Reed,* we must conclude that the Trooper in this case lacked reasonable suspicion to conduct the field sobriety tests."

{¶11} The facts in *Derov* where in fact very similar to the facts in *State v. Reed,* 7th Dist. Belmont No. 05 BE 31, 2006-Ohio-7075. The *Reed* defendant was stopped for loud exhaust and improperly tinted windows. The arresting officer detected a slight odor of alcohol and red eyes. After admitting to consuming alcohol, field sobriety tests were administered which the defendant failed. Following his arrest and motion to suppress which was denied, appellant pled no contest and was sentenced. Upon appeal, the *Reed* court reviewed several appellate decisions, including *State v. Dixon,* 2nd Dist. Greene No. 2000-CA-30, 2000 WL 1760664 (December 1, 2000), and *State v. Spillers,*

2nd Dist. Darke No. 1504, 2000 WL 299550 (March 24, 2000), and reversed the denial of the motion to suppress, stating the following at ¶ 27:

> There are countless other cases that deal with distinguishable facts which would support an officer's decision to detain a person in order to conduct field sobriety cases.  However, those cases would not apply to this situation as the officer failed to give any evidence that Reed not only drank intoxicating beverages, but that he was also impaired.  The trial court erred by failing to grant Reed's motion to suppress any evidence that stemmed from his illegal detainment.

{¶12} In reaching this conclusion, the *Reed* court at ¶ 10-11 quoted "a list of factors collected from various cases which may be considered by a court in determining whether an officer had reasonable suspicion to administer field sobriety tests under the totality of the circumstances" from *State v. Evans,* 127 Ohio App.3d 56, fn. 2 (11th Dist.1998):

> "(1) the time of day of the stop (Friday or Saturday night as opposed to, e.g., Tuesday morning); (2) the location of the stop (whether near establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes

(bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor as described by the officer ('very strong,['] 'strong,' 'moderate,' 'slight,' etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given.  All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be taken into account by a reviewing court in determining whether the officer acted reasonably."

{¶13} During the suppression hearing held on February 14, 2013, Trooper Shephard testified that around 2:30 a.m. on a Friday, he observed and clocked appellant traveling 56 m.p.h. in a 35 m.p.h. zone.  T. at 6-7.  There was "a little bit of snow on the ground."  T. at 10.  Trooper Shephard opined appellant's speed was unreasonable for the conditions.  *Id.*  Upon speaking with appellant, Trooper Shephard detected an odor of alcohol coming from the vehicle.  T. at 10, 28.  In his report admitted as Exhibit 2, Trooper Shephard noted appellant's eyes were red and bloodshot.  T. at 33.  Appellant denied that he had been drinking.  T. at 10.  Trooper Shephard conducted three field sobriety tests and appellant indicated several clues of impairment.  T. at 16.

{¶14} As noted by *Evans* and quoted in *Reed, supra,* speeding is an indication of erratic driving.  We find this fact to be distinguishable from the cases cites above which involved expired license plate tags, loud exhaust, and improperly tinted windows. In the case sub judice, appellant was exhibiting erratic driving (speeding) on snowy roads at 2:30 a.m.  Upon speaking with appellant, Trooper Shephard detected an odor of alcohol and red, bloodshot eyes.

{¶15} Based on the totality of the circumstances, we believe Trooper Shephard had a reasonable and articulable suspicion to request appellant to submit to field sobriety testing.  Once the tests were performed and appellant indicated several clues, Trooper Shephard had sufficient probable cause to arrest appellant for operating a motor vehicle while under the influence.

{¶16} Upon review, we find the trial court did not err in denying appellant's motion to suppress.

{¶17} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Craig R. Baldwin

SGF/sg 115

[Cite as *State v. Carter*, 2013-Ohio-5153.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM CARTER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2013CA00036 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Craig R. Baldwin