[Cite as *State v. Forquer*, 2017-Ohio-7237.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | | Hon. John W. Wise, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| ANDREW FORQUER | : | | Case No. 16 CAC 09 0038 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware Municipal
Court, Case No. 16 TRC 00465

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        August 16, 2017

APPEARANCES:

For Plaintiff-Appellee

DAVID C. MOSER
70 North Union Street
Delaware, OH  43015

For Defendant-Appellant

TOM  A. WORKMAN
P. O. Box 687
Delaware, OH  43015

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Andrew Forquer appeals the June 23, 2016 judgment entry of the Municipal Court of Delaware County Ohio denying his motion to suppress. Plaintiff-Appellee is the State of Ohio.

{¶ 2} On January 5, 2016, Genoa Township Police Officer Craig Jones was on routine road patrol. At approximately 10:49 p.m., Jones did a random license plate check on a car operated by Forquer and traveling ahead of him. He subsequently discovered the annual registration on the vehicle had expired October 5, 2015. Based on this information, Jones activated his overhead lights and initiated a traffic stop.

{¶ 3} Jones approached Forquer's vehicle. The window was rolled up, and Jones had to tap on the window before Forquer rolled it down. When he did, Jones detected an odor of alcohol coming from Forquer, who was alone in the car. Jones noted Forquer's eyes were glassy and bloodshot. Asked if he had consumed any alcohol, Forquer admitted to consuming two beers at 9:45 p.m.

{¶ 4} Jones returned to his cruiser to gather additional information, then approached Forquer's vehicle a second time. He asked Forquer to activate his hazard lights. Forquer passed over the hazard light button several times before pressing the correct button and activating the lights.

{¶ 5} Based on his observations, Jones asked Forquer to exit his vehicle for field sobriety testing. Forquer was subsequently charged with operating a vehicle under the influence of alcohol, operating a vehicle with a prohibited concentration of breath alcohol content, and failing to display valid registration tags.

{¶ 6} In February, 2016, Forquer filed a motion to suppress. Forquer argued Officer Jones lacked reasonable suspicion for the stop, and further, lacked reasonable suspicion based on articulable facts to justify administration of field sobriety tests. On May 25, 2016, a hearing was held on the matter. On June 30, 2016, the trial court issued its judgment entry denying Forquer's motion to suppress. On August 15, 2016, Forquer pled guilty to operating a vehicle under the influence of alcohol, and failing to display valid registration tags. The remaining charge was dismissed.

{¶ 7} Forquer now appeals, presenting one assignment of error:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO SUPPRESS AFTER THE STATE FAILED TO DEMONSTRATE THAT IT HAD REASONABLE SUSPICION IN WHICH TO CONDUCT FIELD SOBRIETY TESTING.

{¶ 9} Forquer argues the trial court erred when it found Officer Jones possessed lawful basis to administer field sobriety tests. We disagree.

*Standard of Review*

{¶ 10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. See *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583

(1982); *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993); *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 627, 620 N.E.2d 906 (1993); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726 (4th Dist. 1993). The United States Supreme Court has held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. See *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996).

{¶ 11} "Requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment. Courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test." *State v. Bright*, 5th Dist. Guernsey No.2009-CA-28, 2010-Ohio-1111, ¶ 17, citing *State v. Knox*, 2nd Dist. Greene No.2005-CA-74, 2006-Ohio-3039.

*Forquer's Argument*

{¶ 12} Forquer argues because there was no evidence of impaired driving, there were insufficient articulable facts to justify the administration of the field sobriety tests. He relies on this court's decision in *State v. Keserich*, 5th Dist. Ashland No. 14-COA-74, 2006-Ohio-3039.

(¶ 13} This case, however, is distinguishable from *Keserich*. In *Kerserich*, appellant was pulled over for an equipment violation. Upon contact with appellant, the arresting officer observed appellant's eyes were bloodshot and glassy, but did not detect an odor of alcohol. There were 4 or 5 other passengers in the vehicle, all of whom were smoking.

Appellant admitted he had consumed two alcoholic drinks. Based on this admission and the condition of appellant's eyes, the arresting officer asked appellant to submit to field sobriety tests. The arresting officer detected an odor of alcohol only after appellant exited his vehicle. *Kerserich* ¶ 9. We concluded these facts were not sufficient to support a reasonable suspicion of intoxication. *Kerserich* ¶ 19.

{¶ 14} In this matter, however, Forquer was alone in his vehicle. At 10:49 p.m., Officer Jones activated his overhead lights, and pulled Forquer over based on an expired registration tag. When Jones approached Forquer's vehicle, the window was still rolled up. Jones had to tap on the window before Forquer rolled it down. When he did, unlike the situation in *Kerserich*, Jones immediately detected the odor of alcoholic beverage. Jones further noted Forquer's eyes were bloodshot and glassy. Asked if he had consumed alcohol, Forquer admitted to consuming two drinks at 9:45 p.m. T. at 9 - 13.

{¶ 15} Jones went back to his cruiser to verify Forquer's information. When he returned to Forquer and asked him to activate his hazard lights, Forquer passed over the hazard light button five times before pressing the correct button. T. at 28. Based on all of these observations, Jones asked Forquer to perform field sobriety tests.

{¶ 18} First, an officer may not request a motorist to perform field sobriety tests unless the request is independently justified by reasonable suspicion based upon articulable facts that the motorist is intoxicated. *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (1998), citing *State v. Yemma*, Portage App. No. 95-P-0156, 1996 WL 49507 (Aug. 9, 1996). "Reasonable suspicion is " * * * something more than an inchoate or unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause." *State v. Shepherd*, 122 Ohio App.3d 358, 364, 701 N.E.2d 778 (1997).

"A court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *Village of Kirtland Hills v. Strogin*, Lake App. No.2005-L-073, 2006-Ohio-1450, ¶13, citing, *Village of Waite Hill v. Popovich*, Lake App. No.2001-L-227, 2003-Ohio-1587, ¶14.

{¶ 16} Second, as we noted in *State v. Strope*, 5th Dist. Fairfield No. 08 CA 50, 2009-Ohio-3849 ¶ 19 "Where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists."

{¶ 17} That is exactly the situation presented in this matter. We therefore find that the totality of the circumstances gave Officer Jones sufficient indicia of intoxication to establish a reasonable suspicion to request Forquer to submit to field sobriety testing.

{¶ 17} The sole assignment of error is denied.


By Wise, Earle, J.

Gwin, J. and

Wise, John, J. concur.


EEW/sg 807