[Cite as *State v. Ciminello*, 2018-Ohio-467.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                       |
|----------------------|---|-------------------------------|
| STATE OF OHIO        | : | Hon. John W. Wise, P.J.       |
|                      | : | Hon. W. Scott Gwin, J.        |
| Plaintiff-Appellee   | : | Hon. William B. Hoffman, J.   |
|                      | : |                               |
| -vs-                 | : |                               |
|                      | : | Case No. 17-COA-030           |
| PAIGE E. CIMINELLO   | : |                               |
|                      | : |                               |
| Defendant-Appellant  | : | OPINION                       |


CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland Municipal
                              Court, Case No. 17-TR-C-2394

JUDGMENT:                     Affirmed



DATE OF JUDGMENT ENTRY:       February 5, 2018



APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

ANDREW BUSH                       MATTHEW  MALONE
1213 East Main Street             10 East Main Street
Ashland, OH 44805                 Ashland, OH 44805

*Gwin, J.*

{¶1} Defendant-appellant Paige Ciminello appeals the July 5, 2017 judgment entry of the Ashland Municipal Court denying her motion to suppress evidence.

*Facts & Procedural History*

{¶2} On April 2, 2017, Trooper Green of the Ohio State Highway Patrol stopped appellant on Claremont Avenue in Ashland for a speeding violation. After Trooper Green's investigation, appellant was arrested for operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and (A)(1)(d) and speeding in violation of R.C. 4511.21(D)(4).

{¶3} Appellant filed a motion to suppress, arguing Trooper Green did not have reasonable, articulable suspicion to conduct field sobriety tests. The trial court held a hearing on the motion to suppress on June 9, 2017.

{¶4} Trooper Green testified that on April 2, 2017, a Sunday morning, at 2:09 a.m., he observed a vehicle traveling 35 miles per hour in a 25 miles per hour zone. He checked the speed of the vehicle with radar and clocked it at 36 miles per hour, 35 miles per hour, and 33 miles per hour. Trooper Green initiated his overhead lights as the vehicle traveled into the Taco Bell parking lot.

{¶5} Trooper Green testified when he initially made contact with appellant, the driver of the vehicle, he noticed a strong odor of alcohol from the vehicle, observed appellant's eyes were red, bloodshot, and glassy, and appellant told him the passenger in the car requested she come get him from O'Bryan's, a local pub. Appellant initially denied consuming alcohol.

{¶6}   Trooper Green stated he then asked appellant to exit the vehicle, as he wanted to make sure the alcohol odors were coming from her.  He testified there was a moderate odor of alcohol about appellant's breath when she was outside the vehicle. Trooper Green then asked her where she was before, and appellant said she was at home and then traveled to O'Bryan's.  Appellant stated she had one beer at O'Bryan's. Trooper Green testified he then administered field sobriety tests to appellant.

{¶7}   On the horizontal gaze nystagmus ("HGN") test, Trooper Green observed six out of six clues.  On the walk and turn test, Trooper Green observed three out of four clues.  Trooper Green then arrested appellant.  Appellant submitted to a breath test and registered a .124 BAC.  Trooper Green also identified and testified to Exhibit A, the dash cam video from the stop.

{¶8}   The trial court issued a judgment entry on July 5, 2017.  The trial court made the following factual findings:  it was 2:09 a.m. when Trooper Green stopped appellant; appellant was going 36 miles per hour in a 25 miles per hour zone; appellant was coming from the direction of local alcohol establishments; Trooper Green initiated a traffic stop as the vehicle pulled into the Taco Bell parking lot; Trooper Green noted a strong odor of alcohol coming from the vehicle; Trooper Green observed appellant's eyes were red, bloodshot and glassy; appellant acknowledged she was coming from O'Bryan's, a local alcohol establishment; the trooper noticed a moderate smell of alcohol coming from appellant's breath when she stepped out of the vehicle; and, while appellant initially denied consuming alcohol, she then admitted she consumed "a beer" at O'Bryan's prior to the administration of the field sobriety tests.

{¶9} The trial court concluded Trooper Green was justified in continuing the investigation beyond the stop for speed because there was sufficient indicia of alcohol consumption or intoxication, including: the speed, the fact it was 2:09 a.m. on Sunday morning, appellant's bloodshot, red, and glassy eyes, the strong odor of alcohol from the car, the moderate odor of alcohol from appellant when outside the car, appellant's admission she was coming from O'Bryan's, and appellant's admission to consuming one beer. Accordingly, the trial court overruled appellant's motion to suppress.

{¶10} Appellant appeals from the judgment entry of the Ashland Municipal Court and assigns the following as error:

{¶11} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."

I.

{¶12} In her sole assignment of error, appellant maintains the trial court erred in denying her motion to suppress when the arresting officer lacked reasonable, articulable suspicion to continue and expand the detention of appellant to conduct field sobriety tests. Appellant does not contest the traffic stop itself.

{¶13} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Andrews*, 57 Ohio St.3d 86, 56 N.E.2d 1271 (1991).

{¶14} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether said

findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (4th Dist. 1993). Finally, assuming the trial court's findings of facts are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (4th Dist. 1993). The United States Supreme Court has held that, "* * * as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

{¶15} With respect to the detainment to administer field sobriety tests, a request made of a validly detained motorist to perform field sobriety tests is generally outside the scope of the original stop, and must be separately justified by other specific and articulable facts showing a reasonable basis for the request. *State v. Albaugh*, 5th Dist. Tuscarawas No. 2014 AP 11 0049, 2015-Ohio-3536.

{¶16} Although requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment, courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer

therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test. *State v. Bright*, 5th Dist. Guernsey No. 2009-CA-28, 2010-Ohio-1111. "Reasonable suspicion" is "* * * something more than an inchoate or unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause." *State v. Shepherd*, 122 Ohio App.3d 358, 701 N.E.2d 778 (2nd Dist. 1997).

{¶17} A court should analyze the reasonableness of the request based on the totality of the circumstances approach, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold. *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980).

{¶18} Appellant contends she did not admit to consuming alcohol until after Trooper Green began to administer the field sobriety tests. However, the trial court made the finding of fact that appellant admitted to consuming one beer prior to Trooper Green beginning to administer the field sobriety tests. When considering a motion to suppress, a trial court serves as trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. *State v. Mills*, 62 Ohio St.3d 357, 582 N.E.2d 972 (1992). Accordingly, we must defer to the trial court's findings of fact if they are supported by competent and credible evidence. *State v. Bagnoli*, 5th Dist. Stark No. 2014CA00215, 2015-Ohio-3314, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). Upon review, we find there is competent and credible evidence to support the trial court's factual finding, as Trooper Green testified he conducted the field sobriety tests after she admitted to consuming one beer. Further, the video shows appellant stated she consumed alcohol prior to Trooper Green's administration of the field sobriety tests.

{¶19} Appellant first cites to this Court's decisions in *Hall* and *Keserch* in support of her argument. In *Hall*, we concluded red, watery, bloodshot eyes and an odor of alcohol, without additional indicia of intoxication, did not give the officer reasonable suspicion the driver was under the influence when the stop was for a single marked lanes violation during a left turn, without speeding or additional swerving. 5th Dist. Stark No. 2015 CA 00213, 2016-Ohio-5787. In this case, while appellant did not fumble with any identification and did not have difficulty exiting the vehicle or answering the trooper's questions, the testimony at the suppression hearing does demonstrate appellant had red, glassy, bloodshot eyes; there was a moderate odor of alcohol from appellant when she was outside the vehicle; appellant stated she was coming from O'Bryan's pub; appellant was speeding; and, after initially denying she consumed alcohol, admitted to having one beer. We find the state of the evidence herein differs from that in *Hall*. See *State v. Martinez*, 5th Dist. Licking No. 16-CA-107, 2017-Ohio-5727; *State v. Bull*, 5th Dist. Ashland No. 14-COA-007, 2014-Ohio-4230.

{¶20} In *Keserich*, we found no reasonable, articulable suspicion when appellant was pulled over for an equipment violation, the officer observed the appellant's eyes were glassy and bloodshot, and appellant admitted to drinking. 5th Dist. Ashland No. 14-COA-011, 2014-Ohio-5120. However, the officer did not detect an odor of alcohol and we stated it was "of utmost significance to our decision" the fact that "the arresting officer did not observe any moving violation, let alone a de minimus one, regarding appellant's operation of his vehicle," as "the stop was based solely upon an equipment violation." *Id.* This case is distinguishable from *Keserich*, as the initial stop was not just for an equipment

violation; rather, Trooper Green stopped appellant after he observed her vehicle going 36 miles per hour, 35 miles per hour, and 33 miles per hour in a 25 miles per hour zone.

{¶21} Further, the trooper noticed a strong odor of alcohol from the vehicle, a moderate odor of alcohol from appellant when she was outside the vehicle, it was 2:09 a.m. on Sunday morning, appellant had bloodshot, glassy, and red eyes, appellant stated she was coming from O'Bryan's pub, and, despite initially denying she consumed alcohol, admitted prior to the initiation of the field sobriety tests to consuming one beer. See *State v. Forquer*, 5th Dist. Delaware No. 16 CAC 09 0038, 2017-Ohio-7237 (distinguishing *Keserich* and finding sufficient indicia of intoxication where the officer noticed the odor of alcohol, bloodshot eyes, and the appellant admitted to drinking); *State v. Tharp*, 5th Dist. Stark No. 2015 CA 00018, 2015-Ohio-4267 (distinguishing *Keserich* and finding sufficient indicia of intoxication even though the appellant denied consuming alcohol when it was 11:36 p.m. on Saturday night, appellant traveled to the left of center and made an improper red light stop, had bloodshot and watery eyes, and there was an odor of alcohol); *State v. Locker*, 5th Dist. Stark No. 2015 CA 00050, 2015-Ohio-4953 (distinguishing *Keserich* and finding reasonable, articulable suspicion when it was 11:35 p.m. on Friday evening, the appellant was stopped for a moving violation, had bloodshot and glassy eyes, there was the odor of alcohol from the vehicle, and appellant admitted to having just left a drinking establishment); *State v. Locker*, 5th Dist. Stark No. 2015 CA 0011, 2015-Ohio-3737 (distinguishing *Keserich*, finding reasonable, articulable suspicion when the appellant was stopped when driving with his high-beams on, had bloodshot, glassy eyes, had an odor of alcohol, and admitted to consuming alcohol).

**{¶22}** Appellant also cites to a line of cases from other districts holding a minor traffic violation, bloodshot and glassy eyes, a slight odor of alcohol, and admission of consuming alcohol is insufficient to warrant the administration of field sobriety tests. *State v. Dixon*, 2nd Dist. Greene No. 2000-CA-30, 2000 WL 1760664; *State v. Reed*, 7th Dist. Belmont No. 05 BE 31, 2006-Ohio-7075; *State v. Spillers*, 2nd Dist. Darke No. 1504, 2000 WL 299550.

**{¶23}** However, this Court has consistently held that, "where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists." *State v. Smith*, 5th Dist. Licking No. 09-CA-42, 2010-Ohio-1232; *State v. Strope*, 5th Dist. Fairfield No. 08 CA 50, 2009-Ohio-3849 (distinguishing *Dixon* and *Spillers* and finding reasonable, articulable suspicion when there was a moderate odor of alcohol, bloodshot and glassy eyes, and when the appellant initially denied having anything to drink, but admitted he had a few drinks before the trooper administered the field sobriety test); *State v. Forquer*, 5th Dist. Delaware No. 16 CAC 09 0038, 2017-Ohio-7237; *State v. Hamilton*, 5th Dist. Holmes No. 17CA006, 2017-Ohio-8826. That is exactly the situation in this case. Appellant was speeding, Trooper Green testified appellant's eyes were glassy and bloodshot, there was a moderate odor of alcohol when she was outside the vehicle, and appellant admitted to having consumed alcohol.

**{¶24}** Further, as we stated in *State v. Evans*, speeding is an indication of erratic driving and the fact the appellant was speeding makes this case distinguishable from the cases cited above which involved expired license plate tags, loud exhaust, and improperly

tinted windows.  5th Dist. Stark No. 2013CA00036, 2013-Ohio-5153 (finding reasonable, articulable suspicion when it was 2:30 a.m. Saturday morning, appellant was speeding, the trooper detected an odor of alcohol and viewed red and bloodshot eyes, and appellant denied he had been drinking).

{¶25}  Based upon the totality of the circumstances, we find the trooper herein relied on specific, articulable facts giving rise to a reasonable suspicion appellant was driving under the influence; justifying an extension of the initial detention for the performance of field sobriety testing.  We find the trial court did not err in denying the motion to suppress.  Appellant's assignment of error is overruled.

{¶26}  The July 5, 2017 judgment entry of the Ashland Municipal Court is affirmed.

By Gwin, J.,

Wise, John, J., and

Hoffman, J., concur