OPINION
{¶ 1} Defendant-appellant, Eric Lucking, appeals his conviction in the Fairfield Municipal Court for driving under the influence of alcohol.
 {¶ 2} At approximately 3:00 a.m. on the morning of February 2, 2002, Ohio State Highway Patrolman David Moore observed appellant's vehicle traveling northbound on Route 4 in Fairfield without its headlights activated. Trooper Moore turned his cruiser around, activated his overhead lights and followed appellant. After a short distance, appellant pulled over. As Trooper Moore approached, he noticed that there was a lot of cigarette smoke inside appellant's vehicle. Trooper Moore informed appellant why he had been stopped and asked for his driver's license and registration. The trooper noticed that appellant's eyes were bloodshot and glassy and that his speech was slightly slurred. Trooper Moore asked appellant if he had been drinking, and appellant replied "no."
 {¶ 3} Trooper Moore suspected that appellant was lying and asked him to exit his vehicle and perform a field sobriety test. Prior to testing, the trooper patted appellant down and at that time noticed an odor of an alcoholic beverage. Appellant failed the horizontal gaze nystagmus test Trooper Moore administered and was arrested for driving under the influence.
 {¶ 4} Appellant moved to suppress evidence of the stop, and the trial court held a hearing. Trooper Moore testified regarding the stop, field sobriety testing and arrest. The trial court denied appellant's motion to suppress the evidence. Appellant pled no contest to the charge and was convicted of driving under the influence by the trial court.
 {¶ 5} Appellant now appeals his conviction and argues that the trial court erred in denying his motion to suppress. He raises the following single assignment of error for our review:
 {¶ 6} "It was `unreasonable,' within the meaning of the fourth amendment, for the officer to detain appellant for purposes of conducting field sobriety tests when the officer had no reason to believe that appellant was intoxicated; thus, the trial court erred when it overruled the suppression motion."
 {¶ 7} Appellant concedes that because he was driving without the headlights on, Trooper Moore had a valid reason to stop his vehicle. He argues, however, that no reasonable articulable suspicion existed to justify the officer's decision to conduct field sobriety tests.
 {¶ 8} When a proper traffic stop has taken place, an officer must have further reason to conduct field sobriety testing. However, probable cause is not necessary. Columbus v. Anderson
(1991), 74 Ohio App.3d 768. Instead, reasonable, articulable suspicion of intoxication is all that is necessary to justify further investigation. Id. In determining whether there are reasonable articulable facts to justify the continued detention, the court must look at the totality of the circumstances. Statev. Freeman (1980), 64 Ohio St.2d 291.
 {¶ 9} The usual physical characteristics of alcohol consumption, such as the odor of alcohol, bloodshot eyes, flushed face, and slurred speech are sufficient to give rise to a reasonable suspicion of intoxication. State v. Wegley, Warren App. No. CA2001-07-070, 2002-Ohio-295. Other factors, such as the time and location of the stop, erratic driving, diminished coordination, demeanor of the driver, and admission of alcohol consumption are also relevant for consideration of whether reasonable suspicion of intoxication exists. Id.; State v.Evans (1998), 127 Ohio App.3d 56.
 {¶ 10} Appellant argues that in this case, there was no erratic driving and no evidence that the officer smelled alcohol before the request to perform field sobriety tests. However, while several indicia of intoxication may be necessary to support a reasonable suspicion of intoxication, see Evans at 63, not every factor must be present before a suspicion of intoxication is reasonable.
 {¶ 11} Appellant also argues that Trooper Moore did not provide any correlation between his statement that appellant's eyes were bloodshot and glassy and a suspicion of intoxication. He also argues that the glassy, bloodshot eyes could be explained by the cigarette smoke inside the vehicle. However, we find that glassy, bloodshot eyes are generally accepted as classic indicia of intoxication. See, e.g., Wegley; Evans; Fairfield v.Regner (1985), 23 Ohio App.3d 79, 84. Thus, further testimony establishing the correlation and explaining the significance of these observations was not necessary. Furthermore, the fact that there may have been another explanation for appellant's glassy, bloodshot eyes does not diminish the relevance of these factors regarding the question of whether the officer reasonably suspected appellant was intoxicated.
 {¶ 12} After considering the evidence in this case, we find that Trooper Moore had a reasonable articulable suspicion that appellant was intoxicated which justified the administration of field sobriety testing. Trooper Moore stated that during the time he has been a trooper, he has observed people under the influence of alcohol on hundreds of occasions. In this case, he observed appellant driving his vehicle at 3:00 a.m. without headlights. After stopping appellant, the trooper noticed that appellant's eyes were glassy and bloodshot and that his speech was slightly slurred. In addition, because appellant's car was filled with cigarette smoke, the odor of alcohol was not immediately apparent. Considering all of these facts together, the totality of the circumstances supports a finding that Trooper Moore had a reasonable, articulable suspicion that appellant was intoxicated. Thus, the trial court did not err in finding that the trooper was justified in asking appellant to perform field sobriety testing. Appellant's assignment of error is overruled.
 {¶ 13} Judgment affirmed.
Valen, P.J., and Walsh, J., concur.