[Cite as *State v. Keserich*, 2014-Ohio-5120.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ERIK M. KESERICH | : | Case No. 14-COA-011 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court, Case
                                  No. 13-TRC-07726


JUDGMENT:                         Reversed; Vacated and Remanded


DATE OF JUDGMENT:                 November 19, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

THOMAS R. GILMAN                          TOD A. BRININGER
133 South Market Street                   1801 Watermark Drive
Loudonville, OH  44842                    Suite 350
                                          Columbus, OH  43215

                                          RUSSELL S. BENSING
                                          1370 Ontario Street
                                          1350 Standard Building
                                          Cleveland, OH  44113

*Hoffman, P.J.*

**{¶1}** On September 29, 2013, Loudonville Police Officer Joseph Peters stopped Appellant, Erik Keserich, for a faulty license plate light. Following an investigation and field sobriety tests, Appellant was charged with operating a motor vehicle while under the influence, in violation of R.C. 4511.19(A)(1)(A), a third such offense in six years, in violation of R.C. 4511.19(A)(1)(H); no license plate light, in violation of R.C. 4513.15; and cracked windshield, in violation of R.C. 4513.02.

**{¶2}** On November 12, 2013, Appellant filed a motion to suppress, claiming an illegal stop, no reasonable suspicion to justify the administration of field sobriety tests, and no probable cause to arrest. Appellant further challenged the officer's substantial compliance with the field sobriety tests. A hearing was held on January 14, 2014. By judgment entry filed February 25, 2014, the trial court granted in part and denied in part the motion, finding the stop was justified and probable cause existed to arrest Appellant, but found the administration of the horizontal nystagmus test was noncompliant and Appellant was not properly advised of his *Miranda* rights. As a result, the trial court suppressed the results of the test and any statements made after arrest.

**{¶3}** On March 18, 2014, the state dismissed the R.C. 4511.19(A)(1)(A) OVI charge and Appellant pled no contest to the remaining charges. By judgment order filed April 28, 2014, the trial court sentenced Appellant to one hundred eighty days in jail, sixty days suspended.

**{¶4}** Appellant filed an appeal and this matter is now before this Court for consideration. Appellant assigns as error:

I

{¶5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS, IN DEROGATION OF DEFENDANT'S RIGHTS UNDER THE 4TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION."

I

{¶6} Appellant claims the trial court erred in denying his motion to suppress because Officer Peters lacked reasonable suspicion based upon articulable facts to justify the administration of the field sobriety tests. We agree.

{¶7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in

any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

**{¶8}** "Requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment. Courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test." *State v. Bright,* 5th Dist. Guernsey No. 2009-CA-28, 2010-Ohio-1111, ¶ 17, citing *State v. Knox,* 2nd Dist. Greene No. 2005-CA-74, 2006-Ohio-3039.

**{¶9}** This appeal involves a very focused and direct set of facts. Officer Peters testified he stopped Appellant's vehicle at approximately 2:00 a.m. for "[n]ot having a license plate light illuminating a license plate." T. at 5, 6-7. Upon making contact with Appellant, Officer Peters noticed Appellant's eyes were "bloodshot and watery." T. at 7. Appellant admitted to Officer Peters he had consumed two drinks of alcohol. T. at 7-8. Based on these facts, Officer Peters decided to conduct field sobriety tests. T. at 8. Officer Peters did not detect an odor of alcohol as Appellant's four to five passengers were all smoking and all he could smell was smoke, but once Appellant stepped out of the vehicle prior to performing the field sobriety tests, Officer Peters detected an odor of alcohol on Appellant's person. T. at 8-9.

{¶10} Appellant argues because there was no evidence of impaired driving and Officer Peters only testified to bloodshot watery eyes and his admission of alcohol consumption, there were insufficient articulable facts to justify the administration of the field sobriety tests. Appellant argues he was able to retrieve his driver's license and information, was in a smoked filled vehicle with four to five other people, and was able to navigate and respond to Officer Peters's requests. T. at 31, 32-33, 37-38.

{¶11} In determining whether an officer has reasonable suspicion to justify the administration of field sobriety tests, we must look at the totality of the circumstances and a number of factors. *State v. Evans*, 127 Ohio App.3d 56 (11th Dist.1998). The *Evans* court explained at fn. 2:

> Without citing the numerous cases which have been canvassed, it may be said these factors include, but are not limited to (1) the time and day of the stop (Friday or Saturday night as opposed to, *e.g.,* Tuesday morning); (2) the location of the stop (whether near establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes (bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer ("very strong," "strong," "moderate," "slight," etc.); (9) the suspect's demeanor (belligerent,

uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given. All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be taken into account by a reviewing court in determining whether the officer acted reasonably. No single factor is determinative.

{¶12} It appears four of the enumerated factors were present in this case. It was 2:00 a.m. on Sunday morning following a Saturday night; Appellant's eyes were bloodshot and watery; he had an odor of alcohol on his person; and he admitted to alcohol consumption.

{¶13} The law in Ohio remains it is not illegal to consume alcohol and then operate a motor vehicle. Only if the driver's ability to operate the vehicle is appreciably impaired or the driver tests above a per se level for alcohol in his or her system does a person violate the law.

{¶14} While it is evident Appellant exhibited certain indicia of alcohol impairment, the law is clear that the totality of circumstances must be considered.

{¶15} Of utmost significance to our decision is the fact the arresting officer did not observe any moving violation, let alone a de minimus one, regarding Appellant's operation of his vehicle. The stop was based solely upon an equipment violation.

{¶16} We find the fact the stop occurred at 2:00am on a Sunday morning is of import, but not of much significance. We conclude the admission of consumption of

two alcoholic drinks is significant, but not determinative, given the status of the law in Ohio regarding drinking and driving. A smell of an odor of alcohol on the Appellant is a factor of significance,[1] but is not surprising given his admission of consumption of two alcoholic drinks. These two factors are cumulative in effect; they do not have a synergistic effect on a reasonable grounds determination.

{¶17} The fact Appellant's eyes were bloodshot and glossy is certainly a factor. In a case similar to the facts sub judice, *State of Ohio/City of Fairfield v. Lucking,* 12th Dist. Butler No. CA2002-12-303, 2004-Ohio-90, we note our brethren from the Twelfth District stated:

"However, we find that glassy, bloodshot eyes are generally accepted as classic indicia of intoxication. ***Furthermore, the fact that there may have been another explanation for appellant's glassy, bloodshot eyes does not diminish the relevance of these factors regarding the question of whether the officer reasonably suspected appellant was intoxicated."

{¶18} We disagree. We find the fact Appellant was found in a car with four or five other passengers in it who were smoking does diminish the relevance of this factor. Even the arresting officer conceded under the circumstances the conditions of Appellant's eyes could have been caused by something other than alcohol.

{¶19} That there were other circumstances which served to diminish reasonable suspicion of intoxication should not be discounted when applying a totality of the circumstances analysis. The fact Appellant did not fumble or have other difficulty

---

[1] There was no testimony by the officer regarding the intensity of the odor of alcohol. Tr. at 8-9.

producing his license, registration and/or proof of insurance (often cited by prosecutors as an indicia of intoxication) is an indicator Appellant was not intoxicated. Likewise, the fact Appellant had no problem exiting his vehicle, and exhibited no clues of impairment in his normal walking are factors demonstrating a lack of alcohol impairment. Further, Appellant's ability to respond appropriately to the arresting officer's requests diminishes a reasonable suspicion of intoxication.

{¶20} Appellant's assignment of error is sustained. We reverse the trial court's judgment on Appellant's motion to suppress, vacate Appellant's conviction and sentence and remand the matter to the trial court for further proceedings.

By Hoffman, P.J.

Delaney, J. concurs,

Farmer, J. dissents.

*Farmer, J., dissents*

**{¶21}** I respectfully dissent from the majority's opinion that appellant did not exhibit indicia of intoxication, despite the fact that he was in a smoked filled vehicle that could impact bloodshot, watery eyes.

**{¶22}** Under the totality of the circumstances test as applied by the majority (*Evans, supra*), I would find the bloodshot, glassy eyes, together with the factors of 2:00 a.m. on Sunday morning, admission of alcohol consumption, and odor of alcohol on appellant's person were sufficient to support Officer Peters's decision to pursue the issue and conduct field sobriety tests, agreeing with my brethren from the Twelfth District in *State of Ohio/City of Fairfield v. Lucking, supra,* at ¶ 11 ("the fact that there may have been another explanation for appellant's glassy, bloodshot eyes does not diminish the relevance of these factors regarding the question of whether the officer reasonably suspected appellant was intoxicated ").

**{¶23}** I am loath to comment on what number of factors needs to be present to justify field sobriety testing.  Each case will stand or fall on the particular facts presented and not rest on mathematical calculations.  In this case, I find the totality of the circumstances, coupled with the "on the road" judgment call of Officer Peters, to be sufficient to justify the testing.

**{¶24}** I would affirm the conviction.