[Cite as *State v. Williams*, 2019-Ohio-4414.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2018CA00151 |
| DEANNA WILLIAMS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Canton Municipal
                                 Court, Case No.  2018TRC05678


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          October 24, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KRISTEN BATES-AYLWARD                     STACEY M. ZIPAY
CANTON LAW DIRECTOR                       ASSISTANT PUBLIC DEFENDER
JASON P. REESE                            201 Cleveland Avenue, SW
CANTON CITY PROSECUTOR                    Suite 104
KRISTINA M. LOCKWOOD                      Canton, Ohio  44702
ASSISTANT CITY PROSECUTOR
218 Cleveland Avenue SW
Canton, Ohio  44702

*Wise, J.*

{¶1}    Appellant Deanna Williams appeals from the denial of her motion to suppress evidence in the Canton Municipal Court, Stark County. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}    Shortly after 2:00 AM on July 14, 2018, Appellant Williams received a telephone call from a friend who had been a passenger in a vehicle stopped for OVI by the Ohio State Highway Patrol on Mahoning Road in Canton. The friend, who was not required by law enforcement to stay at the scene, asked appellant if she could drive over and give her a ride home. Appellant agreed to do so.

{¶3}    Upon her arrival, appellant, driving solo, pulled her vehicle in behind the police cruiser utilized that night by OSHP Trooper Matthew Boyer, who had effectuated the traffic stop. Following agency protocol, Trooper walked over to appellant's vehicle to make sure she was licensed and in a proper condition to drive.

{¶4}    According to the trooper's subsequent testimony, when he approached appellant's open car window, he immediately detected the odor of an alcoholic beverage. He also observed that appellant's eyes were bloodshot and glassy. The trooper noted that appellant, when asked, "stated she had been drinking." Supp. Tr. at 10. After Trooper Boyer asked appellant to exit her vehicle, he continued to detect the smell of an alcoholic beverage on her person. He placed appellant in the back seat of his police cruiser and called for assistance.

{¶5}    A few minutes later, OSHP Sergeant Johnnie Maier arrived. He later testified that he immediately observed the odor of alcohol on her breath and bloodshot glassy eyes. He also recalled that appellant "said she had been drinking and taking some

medication." Supp. Tr. at 17. Appellant thus again admitted to drinking alcohol. Sergeant Maier also observed that appellant was walking "a little bit slowly and a little bit oddly." Supp Tr. at 18. Sergeant Maier then had Williams perform field sobriety tests, and after the conclusion of those tests, Williams was arrested and charged with OVI under R.C. 4511.19(A)(1)(d) and (D)(1)(d).

{¶6} On August 29, 2018, appellant filed a motion to suppress all evidence obtained as a result of her encounter with law enforcement on July 14, 2018, asserting she had been subjected to an unlawful seizure and a prolonged detention. The trial court conducted a suppression hearing on August 31, 2018, at which time booth Trooper Boyer and Sergeant Maier were called to testify.[1] At the conclusion of the hearing, the trial court denied appellant's motion to suppress. Appellant thereupon pled no contest to, and was found guilty of, OVI. Appellant was ordered, *inter alia*, to pay a fine of $375.00 and serve 180 days in jail, with all but three days suspended.

{¶7} A formal judgment entry denying the motion to suppress was issued on September 5, 2018.

{¶8} On October 1, 2018, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:

{¶9} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BY FINDING THAT THERE WAS REASONABLE, ARTICULABLE SUSPICION TO SEIZE APPELLANT/PROLONG APPELLANT'S DETENTION FOR THE PURPOSE OF ADMINISTERING FIELD SOBRIETY TESTS."

---

[1] We find no indication of any bodycam or dashcam video footage being presented during the suppression hearing.

I.

{¶10} In her sole Assignment of Error, appellant argues the trial court erred in denying her motion to suppress. We disagree.

### *Standard of Review*

{¶11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *See Ornelas v. United States* (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

### *Appellant's Initial Contact with Law Enforcement*

{¶12} Police officers are generally permitted to engage in "consensual encounters" with citizens without running afoul of Fourth Amendment prohibitions on searches and seizures. *See State v. Crouse*, 5th Dist. Licking No. 16 CA 37, 2017-Ohio-

1097, ¶ 19 (additional citations omitted). We review the issue of the existence of a consensual encounter by examining the totality of the circumstances. *See Florida v. Royer* (1983), 460 U.S. 491, 506–507, 103 S.Ct. 1319, 75 L.Ed.2d 229.

{¶13} In the case *sub judice*, appellant does not dispute that her "initial interaction" with Trooper Boyer was a consensual encounter, and that the trooper had the duty to ensure she was validly licensed to drive and appeared sober. *See* Appellant's Brief at 8. We will therefore proceed to consider the next stage of the events ultimately leading to appellant's arrest.

*Detainment for Field Sobriety Tests*

{¶14} A request made of a validly detained motorist to perform field sobriety tests is generally outside the scope of the original stop, and must be separately justified by other specific and articulable facts showing a reasonable basis for the request. *State v. Albaugh,* 5th Dist. Tuscarawas No. 2014 AP 11 0049, 2015-Ohio-3536, ¶ 18, quoting *State v. Anez* (2000), 108 Ohio Misc.2d 18, 26–27, 738 N.E.2d 491. Although requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment, courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test. *See State v. Bright,* 5th Dist. Guernsey No. 2009–CA–28, 2010-Ohio-1111, 2010 WL 1035466, ¶ 17, citing *State v. Knox,* 2nd Dist. Greene No. 2005–CA–74, 2006-Ohio-3039, 2006 WL 1661628. In reviewing this issue, we apply a "totality of the circumstances" approach. *See, e.g., City of Fairfield v. Lucking,* 12th Dist. Butler No.

CA2002–12–303, 2004-Ohio-90, 2004 WL 47400, ¶ 8, citing *State v. Freeman* (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044.

**{¶15}** Reasonable suspicion constitutes something less than probable cause. *State v. Logan,* 5th Dist. Richland No. 07–CA–56, 2008–Ohio–2969, ¶ 15, citing *State v. Carlson* (1995), 102 Ohio App.3d 585, 590. Also, it is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis,* 5th Dist. Licking No. 14 CA 103, 2015–Ohio-3739, ¶ 25, citing *Westlake v. Kaplysh,* 118 Ohio App.3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997).

**{¶16}** In *State v. Smith,* 5th Dist. Licking No. 09–CA–42, 2010-Ohio-1232, we reiterated that under well-settled Ohio law, "where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists." *Id.* at ¶ 34, citing *State v. Wells,* 2nd Dist. Montgomery No. 20798, 2005-Ohio-5008 (additional citations omitted). *See, also, State v. Beeley,* 6th Dist. Lucas No. L–05–1386, 2006-Ohio-4799, ¶ 16.

**{¶17}** As we observed in our recitation of the facts, Trooper Boyer, the first officer involved in the events of July 14, 2018, made the decision to have appellant sit in his cruiser after the initial encounter along Mahoning Road. Sergeant Maier then arrived to assist. After Sergeant Maier had detected an odor of alcohol on appellant's breath, noticed her bloodshot, glassy eyes, heard her admit to consuming alcohol, and observed her walk as "slow" and "odd," the decision was made to perform field sobriety tests.

**{¶18}** Appellant relies in particular upon this Court's 2014 decision in *State v. Keserich*. In that case, the responding officer testified he had stopped Keserich's vehicle at approximately 2:00 a.m. on a weekend night for an unilluminated license plate. Upon making contact, the officer noticed Keserich's eyes were "bloodshot and watery." Keserich admitted he had consumed two drinks of alcohol. Based on those facts, the officer decided to conduct field sobriety tests. Once Keserich stepped out of his vehicle prior to performing the tests, the officer detected an odor of alcohol on his person. *See State v. Keserich*, 5th Dist. Ashland No. 14-COA-011, 2014-Ohio-5120, ¶ 9. We ultimately reversed the trial court's judgment denying Keserich's motion to suppress, with one judge dissenting. *Id.* at ¶ 20.

**{¶19}** We first note *Keserich* involved a stop for equipment violation, although comparison of that factor to the consensual encounter involved in the present case carries minimal weight in our analysis. However, unlike Trooper Boyer in the case *sub judice*, the officer in *Keserich* did not immediately detect an odor of alcohol upon making contact with the driver, although the *Keserich* officer did smell alcohol after the driver got out of the car. Also, while appellant in the present case drove alone, the vehicle in *Keserich* was occupied by several passengers who had been smoking, creating the question that the condition of the driver's eyes could have been caused by something other than alcohol. *See id.* at ¶ 18. More importantly, we specifically noted that Mr. Keserich had "exhibited no clues of impairment in his normal walking ***." *Id.* at ¶ 19.

**{¶20}** We therefore find, upon a *de novo* review, that the troopers articulated sufficient reasonable grounds to justify the request to have appellant engage in field sobriety testing.

*Probable Cause to Arrest*

**{¶21}** At the suppression hearing, defense counsel made clear that she was limiting her arguments to the question of reasonable suspicion to detain appellant in the cruiser and to proceed to field sobriety testing. *See* Supp. Tr. at 4-5. Thus, the issue of probable cause to arrest was not at issue, and the same holds true for the present appellate briefs.

*Conclusion*

**{¶22}** Upon review of the totality of the facts and circumstances presented herein, we find no error in the trial court's denial of appellant's suppression motion, as there was reasonable suspicion demonstrated to detain appellant at the scene for the purpose of field sobriety testing.

**{¶23}** Appellant's sole Assignment of Error is therefore overruled.

**{¶24}** For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 1010